UNITED STATES of America, Appellee,

v.

Michael SILVESTRI, Defendant–Appellant.

No. 06–5103–cr.

United States Court of Appeals, Second Circuit.

April 7, 2008.

Nicholas J. Pinto (Michael S. Washor, on the brief), New York, NY, for Defendant–Appellant.

John M. Hillebrecht, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, of counsel; Michael J. Garcia, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

On March 17, 2005, we remanded Defendant–Appellant Michael Silvestri's case to the United States District Court for the Southern District of New York, pursuant to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), *cert. denied,* —— U.S. ——, 127 S.Ct. 260, 166 L.Ed.2d 202 (2006). Silvestri now appeals from a May 4, 2006 district court decision (Michael B. Mukasey, *Chief Judge* ) denying his motion for resentencing. We assume the parties' familiarity with the rele-

vant procedural history, facts, and issues on appeal.

We examine *de novo* a district court's interpretation of the Sentencing Guidelines, and we evaluate its findings of fact for clear error. *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir.2006). We review for "reasonableness" the decision of a district court declining to alter a sentence following *Crosby* remand. *United States v. Williams*, 475 F.3d 468, 474 (2d Cir.2007). In reviewing for reasonableness, we apply no *per se* rules as to the reasonableness of a sentence. *Crosby*, 397 F.3d at 115. "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006).

■ Silvestri argues that in deciding whether to grant his motion for resentencing, the District Court failed to give a "real explanation of the reasons for the sentence." However, in a written statement accompanying its original sentence, the District Court made specific reference to both the "seriousness of defendant's conduct" and "the difficulties defendant will face in prison as a former police officer." In open court at resentencing, the District Court specifically rejected counsel's argument about the loss of a pension. He also "consider[ed] everything that [counsel] said" and could not "conceive of [his] having done anything different[ly]." We do not require "robotic incantations" by trial judges. *See Crosby*, 397 F.3d at 113. The reasons given by the District Court in this case are more than sufficient to explain the sentence at the bottom of the Guidelines range. *See United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir.2007).

■ Silvestri also argues that the District Court did "not tak[e] into consideration the unique background and specific characteristics of this defendant"—namely, the loss of his pension, his nineteen years as a police officer, and the possible effect that his police service would have on his time in prison. It is clear from the record, however, that the District Court considered the applicable Guidelines range of 151 to 180 months, the Presentence Investigation Report, the severity of the crime, and the statements and letters of Silvestri's counsel. The District Court made specific reference to the purposes of punishment and deterrence and the seriousness of the crime. It then chose a sentence of 151 months—at the very bottom of the Guidelines range—finding no more was needed to serve the purposes of 18 U.S.C. § 3553(a). We thus conclude that the District Court carefully considered the § 3553(a) factors, *see Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007), *reh'g denied*, —— U.S. ——, 128 S.Ct. 19, 168 L.Ed.2d 795 (2007); *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir.2008), and that the sentence was well within the broad range of reasonable sentences within the discretion of the District Court to impose, *see Fernandez*, 443 F.3d at 30 ("[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors.").

We have considered all of the appellant's arguments and find them without merit. Accordingly, the judgment of the District Court is AFFIRMED.