**UNITED STATES of America,**
**Appellee,**

v.

**Blake A. PRATER, Defendant–**
**Appellant.**

**No. 07–1537–cr.**

United States Court of Appeals,
Second Circuit.

May 15, 2008.

Robert Y. Altchiler, Westport, CT, for Defendant–Appellant.

Eric J. Glover, Assistant United States Attorney (William J. Nardini, Assistant U.S. Attorney, on brief), for Kevin J. O'Connor, United States Attorney for the District of Connecticut, Hartford, CT, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. LOUIS F. OBERDORFER, District Judge.*

## SUMMARY ORDER

Prater appeals from the April 12, 2007 judgment of the district court sentencing him principally to a 120–month term of imprisonment. We assume the parties' familiarity with the facts and proceedings in the district court.

This Court reviews sentencing decisions for reasonableness, asking "whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006) (alterations, internal quotation marks, and citation omitted). However, where a defendant fails to raise an issue in district court, we review for plain error. *United States v. Rybicki*, 354 F.3d 124, 128–29 (2d Cir.2003); *see also United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir.2007) (holding that plain error analysis "applies to unpreserved claims that a district court failed to comply with § 3553(c)"). To establish plain error,

the defendant must show (1) error, (2) that is plain, and (3) that affects the defendants's substantial rights; this court may then exercise its discretion to correct the error when it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (alteration in original and internal quotations omitted). If, however, a party actively relinquishes or waives a right, that right is not reviewable on appeal. *See id.* at 733, 113 S.Ct. 1770 (explaining that where a right has been waived, as opposed to forfeited, it is not subject to plain error review).

 Prater argues that the district court violated its obligations under 18 U.S.C. § 3553(c), requiring it to "state in open court the reasons for its imposition of the particular sentence." Prater contends that the explanation provided by the sentencing court fails adequately to identify the specific documents the court relied on from the separate Securities and Exchange Commission's civil enforcement suit against Prater brought in the District of Connecticut (Kravitz, J.), thus limiting Prater's ability to address those issues on appeal. At the sentencing hearing, however, Prater was given the opportunity to ask the court for a more detailed explanation and did not do so.[1] Thus, he failed to preserve his § 3553(c) argument below. Moreover, because we find that the district court did not err in following § 3553(c) in the first instance, we cannot find that there was plain error in that regard. The district court began its sentencing decision with a review of the Receiver's loss calcu-

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

1. After the district court announced Prater's sentence and its reasoning, the district court asked: "Are there any issues that I have not addressed, that I have not been clear in my

disposition of the issues that we need to clarify at this time?" Although defense counsel did ask a question regarding the bond and the conditions placed on Prater, counsel did not ask for further explanation of the court's reasoning in determining the sentence.

lation methodology and Judge Kravitz's acceptance of the methodology in the civil suit. In reaching the determination to credit the loss amount determined by the Receiver, the sentencing court considered and rejected Prater's arguments opposing the Receiver's findings. Although the district court did not identify each specific document relied on in determining the foreseeable loss amount, the explanation it did provide was sufficient to identify its reasoning and the underlying factual basis on which the determination was made.

█ Prater next argues that the sentence imposed was unreasonable because the district court denied a departure for extraordinary family circumstances and because the sentence imposed based on the grouping of the two offenses under U.S.S.G. § 3D1.2 was greater than necessary to comply with the purposes of sentencing. A district court's decision not to grant a downward departure is not reviewable on appeal, and, therefore, this court is without jurisdiction to consider the request for a departure because of extraordinary family circumstances. *See United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005) ("[A] refusal to downwardly depart is generally not appealable[;] review is [only] available when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal."). To the extent that Prater quarrels with the district court's grouping of offenses under U.S.S.G. § 3D1.2(d), that argument is waived by Prater's acknowledgment at the sentencing hearing that the two charges were subject to grouping analysis. *See Olano*, 507 U.S. at 733, 113 S.Ct. 1770 (explaining that where a right has been waived, as opposed to forfeited, it is not subject to plain error review).

The sentence imposed by the district court was both substantively and procedurally reasonable. In announcing its sentence, the district court began by identifying the Guidelines sentencing range, grouping the two offenses under § 3D1.2(d), to be 151 to 188 months. The district court then addressed the loss amount, Prater's request for a downward departure based on extraordinary family circumstances, the nature and circumstances of the offense, the seriousness of the crime, and the need for deterrence. Then, before imposing the sentence, the district court specifically stated that it had "considered these matters and these factors, ... [and] what is a sentence that is sufficient but not greater than necessary to comply with the purposes of enhancing respect for the law and providing just punishment, along with the other purposes." In deciding to impose the two 60–month sentences to run consecutively, the district court acted in accordance with U.S.S.G. § 5G1.2(d), which provides that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment [provided for by the applicable Guidelines], then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." The district court's interpretation and use of the Guidelines was correct. Further, given the facts of the case, the seriousness of the crime, the amount of money involved in the scheme, Prater's likelihood of recidivism, and the deference owed to the district court's sentencing determinations, *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597–98, 169 L.Ed.2d 445 (2007), we find that the sentence imposed was both substantively and procedurally reasonable.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.