**UNITED STATES of America,**
Appellee,

v.

**Mohammed Mansour JABARAH, also known as Abu Hafs al Kuwaiti, also known as Sammy, Defendant–Appellant.**

No. 08–0672–cr.

United States Court of Appeals,
Second Circuit.

Sept. 16, 2008.

Kenneth Paul, New York, NY, for Defendant–Appellant.

Jennifer G. Rodgers, (David Raskin, on brief) Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jabarah appeals from the February 4, 2008 judgment of the United States District Court for the Southern District of New York (Jones, J.) convicting him, following a guilty plea, on the following five counts: (1) conspiracy to kill United States nationals, in violation of 18 U.S.C. § 2332(b)(2); (2) conspiracy to kill United States Officers and Employees, in violation of 18 U.S.C. §§ 1111, 1114, 1116, and 1117; (3) conspiracy to use weapons of mass destruction against nationals of the United States and against property of the United States, in violation of 18 U.S.C. § 2332a(a)(1) and (a)(3); (4) conspiracy to damage and destroy by means of fire or explosives property of the United States, in violation of 18 U.S.C. §§ 844(n) and 844(f)(1); and (5) the making of false statements in violation of 18 U.S.C. § 1001(a). Jabarah was sentenced principally to a term of life imprisonment on counts one through three, twenty years on count four, and five years on count five, all to run concurrently. Jabarah has waived oral argument. We assume the parties' familiarity with the facts and proceedings in the district court.

On appeal, Jabarah argues that his sentence was unreasonable. We review post-*Booker* for reasonableness, which is the "familiar abuse-of-discretion standard of

review." *Gall v. United States,* — U.S. —, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). First, we must "ensure that the district court committed no significant procedural error." *Id.* at 597. If the district court was procedurally reasonable, we then consider the substantive reasonableness of the sentence. *Id.* "Reasonableness review is 'akin to review for abuse of discretion,' under which [this Court] consider[s] 'whether the sentencing judge exceeded the bounds of allowable discretion[,] . . . committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" *United States v. Williams,* 475 F.3d 468, 474 (2d Cir.2007) (quoting *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006) (internal quotations omitted)). Under "procedural reasonableness, . . . we consider such factors as whether the district court properly (a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a). . . ." *United States v. Rattoballi,* 452 F.3d 127, 131–32 (2d Cir. 2006). Under substantive reasonableness, "we consider whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a)." *Id.* at 132.

■ The government contends that none of Jabarah's arguments on appeal was preserved, and they are therefore subject to plain error review. *See United States v. Villafuerte,* 502 F.3d 204, 208 (2d Cir.2007). Under plain error review, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceed-

ings." *United States v. Rybicki,* 354 F.3d 124, 129 (2d Cir.2003) (internal quotations and citations omitted). The record shows that Jabarah did not advance before the district court the arguments he makes here. We therefore review for plain error.

■ With respect to the procedural reasonableness of his sentence, Jabarah argues that the district court did not specifically state the bases for its Guidelines calculation nor did the court specifically articulate its consideration of the § 3553(a) factors. At the sentencing hearing, the district court adopted the Presentence Report's Guidelines calculation as its starting point, then discussed the specific enhancements with which issues had been raised, and ultimately found a base offense level of 43. There was no error in the district court's calculation of the Guidelines. With respect to the § 3553(a) factors, although the district court did not address each of the § 3553(a) factors nor specifically identify which factors were relevant to its sentencing opinion, this Court cannot "conclude that a district [court] shirked [its] obligation to consider the § 3553(a) factors simply because [it] did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." *Fernandez,* 443 F.3d at 30.

■ With respect to the substantive reasonableness of his sentence, Jabarah raises several issues which he contends the district court did not consider in imposing the sentence. These include the district court's failure to consider the facts surrounding Jabarah's extradition to the United States, Jabarah's participation in debriefing and proffer sessions, the conditions and restrictions imposed on Jabarah during his detainment and imprisonment, and the value of the information Jabarah provided to the government during his proffer sessions. Each of these issues was

raised before the district court at the time of sentencing. The district court addressed each of them within the context of the seriousness of the offenses charged and Jabarah's conduct with respect to those offenses. So long as the ultimate sentence is reasonable, this Court "will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *Id.* at 34. We further find in light of all relevant circumstances the sentence imposed is not unreasonably long nor is it greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.