**UNITED STATES of America,**
**Appellee,**

v.

**Charles MILORO, also known as Frank Rizzo, also known as Charles DeAngelo, Defendant–Appellant.**

**No. 02–1276–cr.**

United States Court of Appeals,
Second Circuit.

March 12, 2009.

Andrew E. Goldsmith, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, N.Y., for Appellee.

Peter F. Langrock, Langrock Sperry & Wool, LLP, Middlebury, V.T., for Appellant.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Appellant Charles Miloro appeals from a judgment in the United States District Court for the Eastern District of New York (Johnson, *J.* ) holding that he violated the terms of his supervised release and sentencing him to 18 months' imprisonment, running consecutively with the state sentence imposed for the crimes that constituted his violation. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

We review the sentence imposed by the District Court for reasonableness. *See United States v. Fleming,* 397 F.3d 95, 99 (2d Cir.2005). The reasonableness standard applies "both to the sentence itself and to the procedures employed in arriving at the sentence." *United States v. Verkhoglyad,* 516 F.3d 122, 127 (2d Cir. 2008) (internal quotation marks omitted). We review both substantive and procedural challenges to a sentence for abuse of discretion. *See id.*

Miloro contends that the District Court abused its discretion in failing to consider the need for the sentence imposed "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Because Miloro will be 96 years old by the time he has served his state sentence in full, he argues that public safety concerns could not plausibly necessitate that he be imprisoned for an additional 18 months. Moreover, Miloro notes that the record does not reflect the District Court's explicit consideration of the § 3553(a) factor relating to public safety. "[W]e will not conclude [however] that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006), *cert. denied,* 549 U.S. 882, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006). In addition, the District Court considered the need for Miloro's sentence to protect the public and, in so doing, declined to impose an upward departure based on the "lengthy prison sentence" Miloro was serving in state court. For these reasons, we conclude that Miloro's sentence was procedurally reasonable.

Miloro further argues that the District Court failed to consider the need for the sentence imposed "to provide the defendant with needed ... medical care." 18 U.S.C. § 3553(a)(2)(D). Because Miloro raises this issue for the first time on appeal, we review for plain error. *See United States v. Villafuerte,* 502 F.3d 204, 207–08, 209 (2d Cir.2007). Miloro cannot establish plain error merely by noting that neither the parties nor the District Court cited documents describing his bronchial

asthma or severe acid reflux at the sentencing hearing. Miloro's medical conditions were described in his Presentence Report and thus were before the District Court. We therefore presume that the District Court considered these conditions in arriving at his sentence, *see Fernandez,* 443 F.3d at 30, and conclude that the court did not commit plain error.

Finally, Miloro contends that his sentence is substantively unreasonable. While this Court has not yet decided whether plain error review applies to unpreserved substantive challenges to a sentence, *see Verkhoglyad,* 516 F.3d at 134, we need not confront this question because Miloro's argument fails on the merits. Reviewing "the length of the sentence imposed in light of the factors enumerated under 18 U.S.C. § 3553(a)," *Villafuerte,* 502 F.3d at 206, we conclude that the District Court did not abuse its discretion in imposing a Guidelines sentence of 18 months upon Miloro.

The judgment of the District Court is AFFIRMED.