06-1292-cr
United States v. Villafuerte

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2006

(Argued: May 23, 2007          Decided: September 21, 2007)

Docket No. 06-1292-cr

----------------------------------------------------------x

UNITED STATES OF AMERICA,

                        Appellee,

          -- v. --

JORGE VILLAFUERTE, also known as George,

                        Defendant-Appellant.

----------------------------------------------------------x

B e f o r e :   WALKER and CABRANES, Circuit Judges, and GOLDBERG,
                Judge.[*]

     Appeal from a judgment of the United States District Court

for the Northern District of New York (Gary L. Sharpe, Judge),

sentencing the defendant-appellant to a 70-month term of

imprisonment.

     AFFIRMED.

                                   MOLLY CORBETT, Assistant Federal
                                   Public Defender (Alexander Bunin,

------------------------------

[*] The Honorable Richard W. Goldberg, United States Court of
International Trade, sitting by designation.

Federal Public Defender for the Northern District of New York, George E. Baird, Assistant Federal Public Defender, on the brief), Albany, New York, for Defendant-Appellant.

BRENDA K. SANNES, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Richard S. Hartunian, Assistant United States Attorney, on the brief), Syracuse, New York, for Appellee.

JOHN M. WALKER, JR., Circuit Judge:

This case requires us to determine the consequences of a criminal defendant's failure to object to a district court's method of discharging some of its duties under 18 U.S.C. § 3553. Defendant-appellant Jorge Villafuerte appeals from a March 8, 2006 judgment of the district court for the Northern District of New York (Gary L. Sharpe, Judge), arguing that the district court erred by (1) concluding that the sentence recommended by the United States Sentencing Guidelines ("Guidelines") accounted for the factors under § 3553(a) and (2) failing to state adequately its reasons for imposing the chosen sentence, as required by § 3553(c). We need not decide whether there was any error; because Villafuerte failed to object below, both challenges are subject to plain error analysis, and neither alleged error is plain.

**BACKGROUND**

Villafuerte was indicted with five co-defendants for conspiring to possess with intent to distribute and conspiring to

distribute over five hundred grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Villafuerte pled guilty without a plea agreement and, five months later, was sentenced.

The revised Presentence Report ("PSR") calculated a sentencing range under the Guidelines of 70 to 87 months, which the parties did not contest. Villafuerte argued for a below-Guidelines sentence based upon several circumstances: His strong family ties, his drug usage since an early age, his remorse for his crime and its effect on his family, the fact that he had been gainfully employed for most of his adult life, and his lack of prior convictions. Villafuerte also contended that the PSR's recommended sentence was greater than necessary and did not further the purposes of sentencing.

Unpersuaded, the district court adopted the PSR's calculations and proposed sentence range and sentenced Villafuerte to a 70-month term of imprisonment, the bottom of the Guidelines range. It rejected his argument with respect to drug usage, finding that although Villafuerte was a drug abuser, his crime was not "drug-use induced" but rather "money-induced," as shown by his purchase of a house in Texas with some of the profits. The district court sympathized with Villafuerte's family situation but found that the effect of conviction on them was "irrelevant" because it was the natural consequence of Villafuerte's decision to commit the crime. Finally, the court said:

> In this case, I find that the advisory guidelines take into account all of the 3553(a) factors and the other factors, in terms of determining what's an appropriate sentence, and I believe that the bottom of the advisory guideline range is the minimum, that is a fair sentence, in terms of the conduct that's involved here.

Villafuerte did not object to this statement or his sentence during the hearing. He now appeals his sentence.

## DISCUSSION

We review a district court's sentencing decisions for both substantive and procedural reasonableness. United States v. Rattoballi, 452 F.3d 127, 131-32 (2d Cir. 2006). Reasonableness review is similar to review for abuse of discretion and may require reversal when the district court's decision "cannot be located within the range of permissible decisions" or is based on a legal error or clearly erroneous factual finding. United States v. Sindima, 488 F.3d 81, 85 (2d Cir. 2007) (internal quotation marks omitted). Substantive reasonableness involves the length of the sentence imposed in light of the factors enumerated under 18 U.S.C. § 3553(a). Rattoballi, 452 F.3d at 132. Procedural reasonableness concerns the procedures a district court employs in arriving at a sentence. United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007). To impose a procedurally reasonable sentence, see United States v. Giovanelli, 464 F.3d 346, 355 (2d Cir. 2006) (per curiam); Rattoballi, 452 F.3d at 131, a district court must (1) normally determine the applicable Guidelines range, (2) consider the

-4-

Guidelines along with the other factors under § 3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence, see United States v. Crosby, 397 F.3d 103, 111-13 (2d Cir. 2005); see also United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006).

We review the district court's interpretation of the Guidelines de novo and its findings of fact for clear error. Rattoballi, 452 F.3d at 131.

**I.   Consideration of the 18 U.S.C. § 3553(a) Factors**

Villafuerte argues, for the first time on appeal, that his sentence is unreasonable because the district court, in concluding that a sentence under the Guidelines accounted for all the § 3553(a) factors in his case, failed to consider the § 3553(a) factors.  18 U.S.C. § 3553(a) requires the district court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established [and recommended by the Guidelines] . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

We conclude that Villafuerte's failure to object below is fatal to this claim of error.

When a party properly objects to a sentencing error in the district court, we review for harmless error. *See* United States v. Haynes, 412 F.3d 37, 39 (2d Cir. 2005) (per curiam); *see also* Fed. R. Crim. P. 52(a). By contrast, issues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error. United States v. Keppler, 2 F.3d 21, 23 (2d Cir. 1993); *see also* Fed. R. Crim. P. 52(b); United States v. Yu-Leung, 51 F.3d 1116, 1121-22 (2d Cir. 1995) (distinguishing forfeiture from waiver). We have long stated, however, that we may sometimes review sentencing issues without full plain error analysis "despite lack of objection at trial . . . [although] such consideration is not assured." United States v. Baez, 944 F.2d 88, 90 (2d Cir. 1991); *see also* United States v. Keigue, 318 F.3d 437, 441 (2d Cir. 2003) (noting the two types of review for unraised sentencing errors); United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002).

When a defendant does not object to a district court's alleged failure to properly consider all of the § 3553(a) factors, it is unclear under our prior case law whether we review

-6-

for plain error or under a less rigorous standard.[1] See United States v. Pereira, 465 F.3d 515, 520 (2d Cir. 2006). Recently, we applied plain error analysis to this sort of error without providing any rationale for the choice. See United States v. Carter, 489 F.3d 528, 537 (2d Cir. 2007). In that case, however, we ultimately held that there was no error at all and applied none of the other requirements of plain error, see id. at 540-41, arguably rendering its decision to review for plain error obiter dictum. Regardless of whether Carter prevents us from applying a less rigorous standard, we now expressly hold that rigorous plain error analysis is appropriate for such unpreserved errors.

Vacatur for sentencing error does not always come at the same cost as vacatur for trial error, in part because "noticing unobjected to errors that occur at trial precipitates an entire new trial that could have been avoided by a timely objection, whereas correcting a sentencing error results in, at most, only a remand for resentencing." Sofsky, 287 F.3d at 125; see also United States v. Williams, 399 F.3d 450, 455-57 (2d Cir. 2005) (comparing the costs and effects of correcting unpreserved trial errors with correcting unpreserved sentencing errors). This cost

_____

[1] Our case law indicates that a less rigorous standard may not require strict compliance with all the requirements of plain error, see, e.g., United States v. Simmons, 343 F.3d 72, 80 (2d Cir. 2003), or may even allow relief due solely to prejudicial error, see, e.g., United States v. Goffi 446 F.3d 319, 321 (2d Cir. 2006) (dictum). Because we hold that full plain error analysis applies to the types of claims at issue, we need not define the precise content of a less rigorous standard.

differential motivated us in Crosby to mandate limited remands to dispose of unpreserved Booker procedural errors in direct appeals of pre-Booker sentences. See 397 F.3d at 116-17. For similar reasons with respect to sentencing issues in general, we have been more likely to avoid the full rigors of plain error analysis when the sentence was imposed without giving the appellant - whether the government or the defendant - prior notice of the aspect of the sentence challenged on appeal. See Sofsky, 287 F.3d at 125-26; see also United States v. Gilmore, 471 F.3d 64, 66 (2d Cir. 2006) (stating, without deciding, that these circumstances might be met for the error at issue); Simmons, 343 F.3d at 80. On the other hand, we have declined to overlook a lack of objection where the sentencing issue was "not particularly novel or complex," see Keppler, 2 F.3d at 24, or where the case had already been remanded for careful reconsideration of the sentence, see Baez, 944 F.2d at 90.

With this in mind, we hold that plain error analysis should apply to the sort of error at issue here. Because we have unambiguously required consideration of the § 3553(a) factors, in addition to the now-advisory Guidelines, in every criminal sentencing proceeding since we issued Crosby shortly after the Supreme Court decided Booker, see Crosby, 397 F.3d at 115, we cannot view this class of issues as novel. Because Villafuerte was sentenced more than a year after our landmark decision in Crosby, his counsel was plainly aware of the district court's

-8-

obligation to consider the § 3553(a) factors. Although we have noted that proper consideration of those factors "is not a cut-and-dried process of factfinding and calculation," Fernandez, 443 F.3d at 29, raising an objection to the failure to do so in order to alert the district court to the problem is neither difficult nor onerous. This requirement alerts the district court to a potential problem at the trial level and facilitates its remediation at little cost to the parties, avoiding the unnecessary expenditure of judicial time and energy in appeal and remand. This conclusion, moreover, is consistent with several of our sister circuits. See, e.g., United States v. Eversole, 487 F.3d 1024, 1029, 1034-35 (6th Cir. 2007); United States v. Traxler, 477 F.3d 1243, 1250 (10th Cir. 2007); United States v. Dragon, 471 F.3d 501, 505 (3d Cir. 2006) (dealing specifically with the parsimony clause of § 3553(a)); United States v. Knows His Gun, III, 438 F.3d 913, 918 (9th Cir. 2006).

To establish plain error, the defendant must establish (1) error (2) that is plain and (3) affects substantial rights. United States v. Banks, 464 F.3d 184, 189 (2d Cir. 2006); United States v. Doe, 297 F.3d 76, 82 (2d Cir. 2002); see also United States v. Olano, 507 U.S. 725, 732 (1993). If the error meets these initial requirements, we then must consider whether to exercise our discretion to correct it, which is appropriate only if the error seriously affected the "fairness, integrity, or public reputation of the judicial proceedings." Doe, 297 F.3d at

82.  We must also keep in mind the Supreme Court's guidance that reversal for plain error should "be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result."  United States v. Frady, 456 U.S. 152, 163 n.14 (1982).

To begin with, there is a question here of whether the district court committed any error at all.  In recently holding that courts of appeals may presume that a properly calculated, within-Guidelines sentence is reasonable, the Supreme Court stated that the Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice . . . [and] it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives."  Rita v. United States, 127 S. Ct. 2456, 2464-65 (2007); see also Rattoballi, 452 F.3d at 133 ("[T]he Sentencing Commission is an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider.").  Similarly, we have held that a "sentencing judge's decision to place special weight on the recommended guideline[s] range will often be appropriate, because the Sentencing Guidelines reflect the considered judgment of the Sentencing Commission, are the only integration of the multiple [§ 3553(a)] factors and, with important exceptions, . . . were based upon the actual sentences of many judges."  United States v. Capanelli, 479 F.3d 163, 165 (2d Cir. 2007) (per curiam)

-10-

(citations and internal quotation marks omitted) (alteration in original).  Consequently, a district court's imposition of a within-Guidelines sentence based upon its conclusion that the Guidelines account for the § 3553(a) factors in that particular case does not necessarily constitute error.  In any event, we need not decide whether the district court erred here because any possible error is not plain.

To be plain, the error must be clear or obvious, Olano, 507 U.S. at 734, at the time of appellate review, United States v. Stewart, 433 F.3d 273, 290 (2d Cir. 2006).  In fact, the threshold is high enough that the Supreme Court has stated that the error must be so plain that "the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it."  Frady, 456 U.S. at 163; see also United States v. Thomas, 274 F.3d 655, 667 (2d Cir. 2001) (en banc).

Even if the district court erred in concluding that the Guidelines accounted for the § 3553(a) factors in this case, we cannot say that the error is plain.  Before Villafuerte's sentencing, we said that the Guidelines may serve as a sentencing court's "benchmark or a point of reference or departure."  United States v. Rubenstein, 403 F.3d 93, 98-99 (2d Cir. 2005).  And it is not obvious that the district court used the Guidelines range as anything other than a benchmark here.  Its statements at the sentencing hearing clearly show that it knew that the Guidelines

-11-

were only advisory and that it had to consider, among other things, the § 3553(a) factors.  It also made clear the advisory Guidelines "[i]n this case . . . take into account all of the 3553(a) factors and other factors" and that "the advisory guideline range is the minimum, that is a fair sentence, in terms of the conduct that's involved here."  In considering the Guidelines as a starting point and finding that Villafuerte's several § 3553(a) arguments did not merit deviation,[2] any error, assuming there was one, was not obvious.

**II.   Statement of Reasons Under 18 U.S.C. § 3553(c)**

Villafuerte next argues that the district court failed to satisfy its obligation under 18 U.S.C. § 3553(c) to give the reasons for imposing its chosen sentence.  Section 3553(c) provides in relevant part:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--
> (1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or
> (2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment . . . .

---

[2] The record further shows that the district court considered the gravity of Villafuerte's § 3553(a) arguments: It recommended that he participate in a drug treatment program in prison and that he be placed in a facility as close to his family as possible, both of which Villafuerte requested.

-12-

18 U.S.C. § 3553(c). This requirement serves the important goals of (1) informing the defendant of the reasons for his sentence, (2) permitting meaningful appellate review, (3) enabling the public to learn why the defendant received a particular sentence, and (4) guiding probation officers and prison officials in developing a program to meet the defendant's needs. United States v. Molina, 356 F.3d 269, 277 (2d Cir. 2003) (citing S. Rep. No. 98-225, at 79-80 (1983), as reprinted in 1984 U.S.C.C.A.N. 3182, 3262-63). The district court must meet this obligation post-Booker. Crosby, 397 F.3d at 116.

While this requirement does not require the district court to issue a "full opinion in every case," the length and level of detail required varies depending upon the circumstances. Rita, 127 S. Ct. at 2468. When the district court imposes a Guidelines sentence, it may not need to offer a lengthy explanation, particularly where the parties have not argued meaningfully against a Guidelines sentence under § 3553(a) or for a departure. Id. Non-frivolous arguments for a non-Guidelines sentence, on the other hand, may require more discussion. Id. Nonetheless, we do not insist that the district court address every argument the defendant has made or discuss every § 3553(a) factor individually. Fernandez, 443 F.3d at 30. We do not "prescribe any formulation a sentencing judge will be obliged to follow in order to demonstrate discharge of the duty to 'consider' the Guidelines. In other words, we will no more require 'robotic

-13-

incantations' by district judges than we did when the Guidelines were mandatory." Crosby, 397 F.3d 103, 113 (2d Cir. 2005). And we remain disinclined to require a "more compelling accounting the farther a sentence deviates from the advisory Guidelines range."[3] Sindima, 488 F.3d at 85-86 (quoting Rattoballi, 452 F.3d at 134).

As with his previous claim of error, Villafuerte failed to object below to the district court's allegedly insufficient statement of reasons. And as with the previous claim of error, it is unclear whether we should review this unpreserved claim for plain error. Several decisions have noted this uncertainty and then decided not to address the issue because it was irrelevant to their outcomes. See, e.g., Pereira, 465 F.3d at 520; Goffi, 446 F.3d at 321; United States v. Lewis, 424 F.3d 239, 243 (2d Cir. 2005). Another decision applied plain error analysis but without discussing why a sentencing error based on § 3553(c) is not afforded an exception. See Molina, 356 F.3d at 277. And another decision held that failure to comply with § 3553(c), at

---

[3] As a matter of practicality, however, "our own ability to uphold a sentence as reasonable will be informed by the district court's statement of reasons (or lack thereof) for the sentence that it elects to impose." Rattoballi, 452 F.3d at 134. Accordingly, in the absence of a compelling accounting, we may be forced to vacate a sentence that deviates significantly from the advisory Guidelines range "where the record is insufficient, on its own, to support the sentence as reasonable." Id. at 135; see also Pereira, 465 F.3d at 524. In its 2007 term, the Supreme Court will address this issue in Gall v. United States. Rita, 127 S. Ct. at 2467.

-14-

least where there cannot be adequate appellate review, can render a sentence "imposed in violation of law," requiring vacatur. See United States v. Zackson, 6 F.3d 911, 923-24 (2d Cir. 1993).

We now hold that plain error analysis in full rigor applies to unpreserved claims that a district court failed to comply with § 3553(c). Section 3553(c)'s long-standing requirements present no novel or complex issues meriting greater consideration for its violation: A defense counsel can quickly decide whether he is dissatisfied with the district court's explanation and promptly object. See Keppler, 2 F.3d at 24; see also United States v. Romero, - F.3d -, 2007 WL 1874231, at *4 (10th Cir. June 29, 2007) (noting that requiring objection for failure to follow a well-known requirement such as § 3553(c) is not burdensome). Further, the public interest underlying § 3553(c) is better advanced when the district court is informed of its error promptly at sentencing so that it can promptly correct it rather than after a lengthy period of appellate review; to the extent inadequately stated reasons for the sentence erode public trust and understanding, correction earlier rather than later promotes respect for the process. See Lewis, 424 F.3d at 247. The district court is also better positioned to articulate its reasons during the first sentencing hearing rather than long after the fact. Requiring the error to be preserved by an objection creates incentives for the parties to help the district court meet its obligations to the public and the parties. Cf.

-15-

*United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004) (stating that one of the policy goals of Rule 52(b) is "to encourage timely objections and reduce wasteful reversals by demanding strenuous exertion to get relief for unpreserved error"). This holding is consistent with several of our sister circuits. *See, e.g.*, *Romero*, 2007 WL 1874231, at *4; *Eversole*, 487 F.3d at 1035 ("[C]ompliance with section 3553(c) . . . generally will not amount to plain error because proof that it affects the defendant's substantial rights is difficult."); *United States v. Gilman*, 478 F.3d 440, 447 (1st Cir. 2007); *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006).

Putting aside our doubts as to whether the district court failed to comply with § 3553(c), any such error is certainly not plain. The district court imposed a sentence at the bottom of the Guidelines range, and such sentences often will not require lengthy explanation. *See* *Rita*, 127 S. Ct. at 2468. And the district court did not blindly rest on the existence of the Guidelines: It stated that the Guidelines already accounted for the § 3553(a) factors in this case. Moreover, it found that the bottom of the Guidelines range was "a fair sentence" given Villafuerte's conduct, which can be a proper basis for imposing a particular sentence. *See* *United States v. Jones*, 460 F.3d 191, 195 (2d Cir. 2006) ("[T]he judge is not prohibited from including in [his] consideration [of the § 3553(a) factors] the judge's own sense of what is a fair and just sentence under all the

-16-

circumstances."). While the district court did not recite its thoughts on each of the § 3553(a) factors, it is clear that we impose no such general requirement. See Goffi, 446 F.3d at 321. "[W]e will not conclude that a district judge shirked [his] obligation to consider the § 3553(a) factors simply because []he did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." Fernadez, 443 F.3d at 30.

The district court was not mute at sentencing; it offered reasons for rejecting Villafuerte's arguments for a non-Guidelines sentence. It stated that it rejected Villafuerte's argument with respect to his drug abuse because the crime was motivated by money rather than drug use. It also explained that it found his argument with respect to his family situation irrelevant under the circumstances. Finally, the district court stated that it would not consider an earlier drug bust involving Villafuerte in which marijuana was found because no conviction resulted. Given this level of detail, it is not obvious that the district court was derelict in discharging its § 3553(c) duty.

**CONCLUSION**

The judgment of the district court is AFFIRMED.