**UNITED STATES of America,**
Appellee,

v.

**Esteban Luis DIAZ PICHARDO,**
**Defendant–Appellant.**

No. 07–2769–cr.

United States Court of Appeals,
Second Circuit.

Aug. 6, 2008.

Darrell B. Fields, Federal Defenders of New York, Inc., for Defendant–Appellant.

Loyaan A. Egal, Assistant United States Attorney (Jonathan S. Kolodner, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. JON O. NEWMAN and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Esteban Luis Diaz Pichardo appeals from the June 7, 2007 judgment of the United States District Court for the Southern District of New York (Sweet, J.), convicting him, following a guilty plea, of illegally entering the United States following deportation subsequent to a conviction for an aggravated felony, and sentencing him to a term of 57 months in prison followed by two years of supervised release. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Diaz–Pichardo does not challenge the procedure by which the district court determined his sentence. Instead, he argues that his sentence was substantively unreasonable because it was greater than necessary to achieve the purpose of 18 U.S.C. § 3553 and did not reflect the mitigating circumstances of his case.

Diaz–Pichardo argues that a lower sentence is appropriate because his crimes were not violent and because he reentered the United States to earn money for his sick mother's medical care. The district court considered these mitigating factors but found that because of Diaz–Pichardo's recidivist behavior, a sentence within the Guidelines range was warranted. Therefore, we cannot conclude that the district court's sentence was an abuse of discretion. *See Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) ("Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of discretion standard.")

Diaz–Pichardo raises two other arguments for the first time on appeal, which we review for plain error. *United States v. Villafuerte*, 502 F.3d 204, 207–08 (2d Cir.2007). First, Diaz–Pichardo ar-

gues that the Guidelines sentencing range for illegal reentry offenses is excessive because it is greater than the range applicable to certain violent offenses. This disagreement with the policies reflected in the Guidelines does not establish plain error. Second, Diaz–Pichardo argues that his sentence is unreasonable because it violates § 3553(a)'s dictate to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Diaz–Pichardo contends that his sentence would have been lower in a district with a "fast track" program.[1] This also does not establish plain error. "[A] district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *United States v. Mejia*, 461 F.3d 158, 164 (2d Cir.2006).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

1. A "fast track program" permits a defendant to receive the probability of a lower sentence in exchange for a decision to plead guilty quickly, to refrain from filing pretrial motions, and to waive his right to appeal or collaterally attack his sentence. A district must be authorized by the Attorney General to offer a "fast track" program.