**UNITED STATES of America,**
**Appellee,**

v.

**Angelo SOTO Jr., Defendant–Appellant.**

**No. 07–2616–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 27, 2008.

---

B. Alan Seidler, New York, N.Y., for Appellant.

Daniel A. Braun, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, Amy Lester, Assistant United States Attorney, of counsel), New York, N.Y., for Appellee.

Present: JOSEPH M. McLAUGHLIN, PIERRE N. LEVAL and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Angelo Soto, Jr. pleaded guilty to participating in a conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. § 846. Soto was sentenced principally to 60 months' imprisonment. Soto now appeals from the June 5, 2007 judgment of conviction of the District Court. Soto asserts that he received ineffective assistance of counsel due to his attorney's failure to advise him that he waived the right to appeal any sentence of less than 108 months in his plea agreement and that his sentence was unreasonable because the Presentence Report ("PSR") issued by the United States Probation Office recommended a sentence of 12 months. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

To demonstrate ineffective assistance of counsel, Soto must "affirmatively prove prejudice." *Strickland v. Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Soto's only argument as to prejudice is that he was never informed of the appellate waiver prior to entering his guilty plea, and that "if the waiver of appeal is deemed binding ... then appel-

lant has been prejudiced by the performance of ineffective counsel." Appellant's Br. at 24. The government does not seek to enforce the appellate waiver provision because it concedes that the District Court failed to direct Soto's attention to the appellate waiver provision of his plea agreement, in violation of Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure. Appellee's Br. at 6.

Thus, we will review the sentence under an abuse-of-discretion standard, for both procedural errors and substantive reasonableness. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *United States v. Cutler,* 520 F.3d 136, 156 (2d Cir.2008). The procedural inquiry focuses on the District Court's obligations to consider the range specified by the United States Sentencing Guidelines and the factors detailed in 18 U.S.C. § 3553(a). *United States v. Villafuerte,* 502 F.3d 204, 206 (2d Cir.2007). The substantive inquiry assesses the reasonableness of the length of the sentence in light of the § 3553(a) factors. *Id.*

Soto does not dispute that the applicable guidelines range was 87 to 108 months imprisonment. The 60–month sentence imposed by the District Court was below the low end of that range. Soto argues that, in its analysis under 18 U.S.C. § 3553(a), the District Court failed to take into account several factors including his lack of criminal history, extensive work history, acceptance of responsibility, family circumstances, limited role in the offense, and cooperation with the government. However, the record reflects that the District Court did carefully consider these factors.

The District Court concluded that the sentence recommended in the PSR did not reflect the seriousness of the crime of distribution of heroin, would create unwar-

ranted sentencing disparities, and would not deter others from engaging in low-level participation in the narcotics trade. Soto argues that the District Court had no evidence for its conclusion with respect to deterrence, but we find the District Court's reasoned assessment to be well within its discretion. In light of these considerations, we conclude that the District Court's sentence was reasonable.

Accordingly, the judgment of the District Court hereby is AFFIRMED.