09-3035-cr
USA v. Barrie

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand ten.

Present:    ROBERT A. KATZMANN,
            PETER W. HALL,
            DENNY CHIN,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                *Appellee*,

                - v -                         No. 09-3035-cr

MOUSSA MAGASSOUBA, also known as Moe,

                *Defendant,*

ALALIM BARRIE,

                *Defendant-Appellant.*

_____

For Defendant-Appellant:          Stewart L. Orden, New York, N.Y.

For Appellee:                     Daniel W. Levy, E. Danya Perry, Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Alalim Barrie appeals from a judgment of the United States District Court for the Southern District of New York (Patterson, *J.*), entered July 15, 2009, convicting defendant, following a jury verdict, of one count of conspiracy to commit bank fraud, six substantive counts of bank fraud, and one count of aggravated identity theft, and sentencing defendant principally to 65 months' imprisonment. In a separate opinion issued today, we hold that the government proved venue in the Southern District of New York by a preponderance of the evidence with respect to the aggravated identity theft count. In this summary order, we address Barrie's additional challenge to the district court's loss calculation at sentencing. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the sentence imposed by the district court for both substantive and procedural reasonableness. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). "Reasonableness review is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (internal quotations and alterations omitted). In considering the propriety of a particular loss enhancement, "[w]e review the district court's factual findings on loss for clear error and its conclusions of law *de novo*." *United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000). "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and

2

firm conviction that a mistake has been committed." *United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008) (quotation marks omitted). "[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (quotation marks omitted). We review unpreserved sentencing-related errors for plain error, however, including where a defendant fails to object to a presentence report. *See United States v. Villafuerte*, 502 F.3d 204, 207-08 (2d Cir. 2007).

Barrie argues that his sentence was procedurally unreasonable because the district court erred in concluding that Barrie's fraud resulted in a loss of between $1 million and $2.5 million. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007) (a district court's failure to calculate properly the Guidelines range constitutes procedural error). Generally speaking, U.S.S.G. § 2B1.1 provides for offense-level enhancements for certain fraud-related crimes based on the amount of intended loss involved in the offense. Although the "district court's factual findings relating to loss must be established by a preponderance of the evidence," *United States v. Brennan*, 395 F.3d 59, 74 (2d Cir. 2005), the district court "enjoys considerable discretion in calculating the loss applicable to a particular fraud," *United States v. Canova*, 412 F.3d 331, 355 (2d Cir. 2005). Thus, the court "need only make a reasonable estimate of the loss" based on available information, U.S.S.G. § 2B1.1 cmt. 3(C), and need not determine the amount of loss with precision, *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009).

Here, the district court's estimate of the intended loss was reasonable and supported by a preponderance of the evidence. First, Barrie conceded below that he was responsible for approximately $560,000 in intended losses, thus rendering his argument here that he is responsible for a loss of between $400,000 and $1 million unpreserved and subject to plain error review. Barrie falls short of satisfying that standard, as the record makes clear that, in addition

3

to the $323,000 in losses proven at trial, an additional seven checks totaling approximately $214,000 were stolen, altered, and deposited in connection with Barrie's scheme to defraud.

Nor has Barrie demonstrated that the district court clearly erred in holding him responsible for between $1 million and $2.5 million in loss, thus resulting in a 16-level loss enhancement. The record indicates that Barrie discussed checks for $500,000 and $1.1 million in various recorded telephone and in-person conversations with "Vincent," an undercover Special FBI Agent, and a co-conspirator. Although Barrie contends that these references were "mere puffery," Def. Br. at 22, the specificity of these discussions, their timing, and the frequency with which the checks were mentioned all support the district court's conclusion that such checks existed. It therefore was reasonable for the district court to conclude that Barrie's fraud resulted in a loss of between $1 million and $2.5 million for sentencing purposes.

We have considered Barrie's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK