15-517-cr
United States v. Riglioni, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
           RICHARD C. WESLEY,
           CHRISTOPHER F. DRONEY,
               *Circuit Judges.*

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
           *Appellee*,

    v.                                                                    No. 15-517-cr

MICHAEL RIGLIONI,
           *Defendant*,

BARKEL NELSON,
           *Defendant-Appellant.*

-----------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:      Nicholas J. Pinto, New York, NY.

FOR APPELLEE:      Paul D. Silver, Assistant United States Attorney (Daniel Hanlon, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a February 4, 2015 judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction is **AFFIRMED**, but the defendant's term of supervised release is **VACATED**, and the case is **REMANDED** for resentencing as to the term of supervised release.

Following a three-day trial in May 2010, a jury convicted Defendant-Appellant Barkel Nelson of three counts of possession with intent to distribute crack cocaine. *See* 21 U.S.C. § 841(a)(1).[1] Specifically, the Government alleged and proved that on three days in 2009, a confidential informant working for the DEA made three controlled purchases of approximately two ounces of crack cocaine from an individual known only as "BJ." The three purchases, which the informant recorded and DEA agents supervised, occurred in and near two clothing stores owned by Nelson in Schenectady, New York.

The critical issue at trial was whether Barkel Nelson was "BJ," and the Government proved that contested identification based on, *inter alia*, (1) the informant's testimony and identification of Nelson as "BJ", (2) the case agent's testimony that he saw Nelson enter the informant's car to execute the third controlled transaction, and (3) Nelson's ownership of the two clothing stores. Furthermore, the agent testified as a lay witness on direct examination—over no defense objection—that he recognized Nelson's voice as the seller on the recordings of the drug transactions, based on a post-arrest conversation he had with Nelson. On redirect examination, the agent responded affirmatively—this time over

---

[1] The grand jury returned a five-count indictment in July 2009, charging Nelson with three counts of possession with intent to distribute more than fifty grams of crack cocaine, his co-defendant Michael Riglioni with two counts of the same offense, and both defendants with one count of conspiracy. Riglioni pleaded guilty before trial and the Government moved to dismiss the conspiracy count before closing arguments in Nelson's trial.

The 2009 indictment charged Nelson under 21 U.S.C. § 841(b)(1)(A), which triggered a ten-year statutory minimum term of imprisonment for possession with intent to distribute fifty or more grams of a substance containing cocaine base, until the Fair Sentencing Act ("FSA") became effective on August 3, 2010. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (increasing the amount of crack cocaine necessary to trigger the ten-year statutory minimum from fifty to 280 grams, and the amount necessary to trigger the five-year statutory minimum from five to twenty-eight grams); *see generally Dorsey v. United States*, 567 U.S. 260, 281 (2012) (holding that the FSA's lower statutory minimums apply to the post-Act sentencing of pre-Act offenders).

Four days before Nelson's trial, the Government filed a special information to establish a prior felony drug conviction pursuant to 21 U.S.C. § 851, which subjected him to a twenty-year statutory minimum term of imprisonment.

objection—when asked if Nelson met his "expectations" during the post-arrest conversation.

After nearly five years of sentencing continuances, in February 2015 the district court sentenced Nelson to three concurrent terms of seventy months of imprisonment (the bottom of the Guidelines range) and eight years of supervised release. On appeal, Nelson (who has been released from prison and is serving his term of supervised release) argues that (1) the district court abused its discretion by allowing the agent to testify as a lay witness that he recognized Nelson's voice on the recordings, and (2) his eight-year term of supervised release is procedurally and substantively unreasonable. The Government concedes that the district court committed procedural error that affects Nelson's substantial rights by miscalculating the Guidelines range for his term of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm Nelson's conviction, vacate his term of supervised release, and remand for resentencing as to the term of supervised release.

1. Evidentiary Challenge

The district court did not commit error, plain or otherwise, under Federal Rules of Evidence 701 and 901(b)(5) by admitting the agent's lay opinion identifying Nelson's voice on the recordings.[2] Under Rule 701, a lay opinion is admissible only if it is (a) "rationally based on the witness's perception," (b) helpful to the jury in "clearly understanding the witness's testimony" or "determining a fact in issue," and (c) not based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701.

Beginning with the third of those requirements, we have noted that "voice identification is not generally considered to be an area where expertise is important." *United States v. Cambindo Valencia*, 609 F.2d 603, 640 (2d Cir. 1979); *accord* Fed. R. Evid. 901(b) advisory committee's note (stating that "aural voice identification is not a subject of expert testimony"). That is true here, where the agent did not rely on scientific, technical, or other specialized knowledge in forming his opinion as to whether Nelson's voice was the same as "BJ's" voice. Rather, the agent simply used "a process of reasoning familiar in everyday life," *see United States v. Natal*, 849 F.3d 530, 536 (2d Cir. 2017) (per

---

[2] Accordingly, we need not resolve the parties' dispute concerning the standard of review we should employ—abuse of discretion or plain error—in addressing Nelson's evidentiary challenge. The Government contends that our review is limited to plain error because Nelson did not object to the agent's lay opinion identifying Nelson's voice on direct examination, while Nelson argues that the he preserved the objection on redirect examination.

curiam) (internal quotation marks omitted), by comparing Nelson's voice, which he heard firsthand during the thirty-minute post-arrest conversation, to the voice of "BJ," which he heard on the recordings.

As to Rule 701's second requirement, Nelson argues that the agent's testimony was not helpful to the jury in "determining a fact in issue." There was little dispute by Nelson during trial that an individual known as "BJ" sold the confidential informant two ounces of crack cocaine on three days in 2009. But the crucial issue presented to the jury was whether Barkel Nelson and "BJ" were one and the same, and to corroborate the informant's identification of Nelson as "BJ," the Government offered the agent's opinion that "BJ's" voice on the recordings was Nelson's voice. Accordingly, that opinion was helpful to the jury in determining not just *a* fact in issue, but *the* principal fact in issue: whether Nelson was "BJ."

Finally, the agent's opinion was based on his own perception: listening to the recordings of "BJ" and speaking with Nelson after his arrest. Rule 901(b) permits a witness to express an opinion identifying a person's voice, "whether *heard firsthand* or through mechanical or electronic transmission or recording—based on hearing the voice *at any time . . . .*" Fed. R. Evid. 901(b)(5) (emphases added); *see id.* advisory committee's note (noting that the "requisite familiarity may be acquired either before or after the particular speaking which is the subject of the identification"). Therefore, we have held that "[t]he standard for the admissibility of an opinion as to the identity of a speaker on tape is merely that the identifier has heard the voice of the alleged speaker at any time." *Cambindo Valencia*, 609 F.2d at 640; *accord United States v. Bonanno*, 487 F.2d 654, 659 (2d Cir. 1973). The agent's voice-identification opinion easily satisfies those standards.

Accordingly, we find no error in the district court's admission of the agent's voice-identification opinion under Rules 701 and 901(b).

### 2. Sentencing Challenge

We review sentences for procedural and substantive unreasonableness. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). "Review for 'unreasonableness' amounts to review for abuse of discretion." *Id.* at 187. "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Id.* at 190. When, as here, a defendant fails to object to an alleged sentencing error before the district court, we review only for plain error. *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). Plain error review permits relief only where (1) there is "error," (2) the error "is plain," (3) the error "affects substantial rights," and (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v.*

4

*Groysman*, 766 F.3d 147, 155 (2d Cir. 2014) (alterations and internal quotation marks omitted).

As the Government concedes, the district court imposed a procedurally unreasonable sentence by miscalculating the Guidelines range for Nelson's supervised release, and under the circumstances, that miscalculation constitutes plain error because it affects his substantial rights.

Beginning with the calculation, the district court calculated the applicable range for the term of supervised release as four years to life during the sentencing hearing, and eight years to life in its Statement of Reasons. A sentence for a defendant convicted of possessing twenty-eight grams or more of a substance containing cocaine base "shall, in the absence of [a prior felony drug conviction that has become final], include a term of supervised release of at least [four] years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of at least [eight] years . . . ." 21 U.S.C. § 841(b)(1)(B). The Guidelines range of supervised release, however, for a defendant convicted of a Class B felony[3] is "[a]t least two years but not more than five years," U.S.S.G. § 5D1.2(a)(1), but "shall be not less than any statutorily required term of supervised release." U.S.S.G. § 5D1.2(c).

Accordingly, the bottom of Nelson's Guidelines range of supervised release is four years under the statute. *See* 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5D1.2(c).[4] But because section 841(b)(1)(B) is a Class B felony, the top of Nelson's supervised release Guidelines range under U.S.S.G. § 5D1.2(a)(1) is five years. Therefore, as the Government concedes, Nelson's Guidelines range is four to five years of supervised release—"the statutorily required minimum of four years coupled with the [G]uidelines maximum of five years."[5] *See* Appellee's Br. 24.

Furthermore, we conclude that this miscalculation constitutes plain error, and the Government agrees. The Supreme Court has recently explained that "[i]n most cases a

---

[3] Absent a prior felony drug conviction, an offense under section 841(b)(1)(B) is a Class B felony because the statutory maximum term of imprisonment—forty years—is more than twenty-five years but less than life imprisonment. *See* 18 U.S.C. § 3559(a); 21 U.S.C. § 841(b)(1)(B).

[4] Approximately three months before Nelson's sentencing, the Government moved to dismiss the special information establishing his prior felony drug conviction under 21 U.S.C. § 851 in the interests of justice, and the court granted that motion during the hearing.

[5] We note that Nelson, on appeal, does not argue that the district court incorrectly calculated the Guidelines range; rather, he simply contends that the district court "treated the [G]uidelines a[s] presumptively reasonable." Appellant's Br. 17. Nevertheless, the nature of the error requires resentencing.

defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability [that the error affected his substantial rights].” *Molina-Martinez v. United States*, ⸺ U.S. ⸺, 136 S. Ct. 1338, 1346 (2016); *accord United States v. Bennett*, 839 F.3d 153, 162–63 (2d Cir. 2016). Although “[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist,” *Molina-Martinez*, 136 S. Ct. at 1346, “[w]here . . . the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court’s reliance on an incorrect range in most instances will suffice to show an effect on the defendant’s substantial rights,” *id.* at 1347.

Here, the district court sentenced Nelson to eight years of supervised release (three years above the top of the correct Guidelines range), but in doing so, it indicated in its Statement of Reasons that it was imposing a Guidelines sentence. Moreover, the sentencing transcript suggests that the court believed it was imposing a Guidelines term of supervised release. *See* J.A. 46 (“I see no reason to impose a sentence [of imprisonment] beyond the minimum here and my sentence is 70 months. In addition, I impose a term of supervised release of [eight] years under the general terms and conditions that have been adopted by the district.”). Accordingly, we conclude “there [was] at least a reasonable probability that the [d]istrict [c]ourt would have imposed a different sentence” absent the miscalculation because it “said nothing to suggest that it would have imposed [the same] sentence regardless of the Guidelines range.” *See Molina-Martinez*, 136 S. Ct. at 1348.

Thus, remand is appropriate so that the district court may determine Nelson’s term of supervised release in light of the correct Guidelines range of four to five years.

3. <u>Conclusion</u>

We have considered Nelson’s remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** Nelson’s conviction, **VACATE** the term of supervised release imposed by the district court, and **REMAND** for resentencing consistent with this order as to Nelson’s term of supervised release.

FOR THE COURT:
Catherine O’Hagan Wolfe, Clerk of Court