18-2306-cr
*United States v. Cascio*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

  **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of June, two thousand nineteen.**

PRESENT: JOSÉ A. CABRANES,
     RAYMOND J. LOHIER, JR.,
     CHRISTOPHER F. DRONEY,
       *Circuit Judges.*

---

UNITED STATES OF AMERICA,

     *Appellee,*         18-2306-cr

     v.

THOMAS CASCIO,

     *Defendant-Appellant.*

---

FOR APPELLEE:        Monica J. Richards, Assistant United
              States Attorney, *for* James P. Kennedy, Jr.,
              United States Attorney, Western District
              of New York, Buffalo, NY.

**FOR DEFENDANT-APPELLANT:**     Arza Feldman, Feldman & Feldman, Uniondale, NY.

Appeal from a July 26, 2018 judgment of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Thomas Cascio ("Cascio") was convicted, following a jury trial, of bank robbery and entering a bank to commit a larceny. 18 U.S.C. § 2113(a). He was sentenced principally to concurrent 180-month (or 15-year) terms of imprisonment. His advisory term of imprisonment under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") was 210 to 240 months. Cascio appeals both the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012).

Our review of a sentence for substantive reasonableness is "particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We will set aside a sentence as substantively unreasonable only if it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Id.* (internal quotation marks omitted).

## I. Procedural Reasonableness

Cascio first argues that his sentence was procedurally unreasonable because the District Court improperly imposed a prison term to promote Cascio's rehabilitation. Cascio next argues that the District Court procedurally erred by applying a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(F). Cascio failed to object to these alleged procedural errors at the time of sentencing; accordingly, we review for plain error. *United States v. Villafuerte*, 502 F.3d 204, 207–08 (2d Cir. 2007); Fed. R. Crim P. 52(b). "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the

error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Burden*, 860 F.3d 45, 53 (2d Cir. 2017).

A district court may not impose or lengthen a prison term in order to promote a criminal defendant's rehabilitation. *Tapia v. United States*, 564 U.S. 319, 321 (2011). By contrast, a district court "commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Id.* at 334. Here, there is no indication that the District Court imposed or otherwise lengthened the defendant's sentence in order to promote his rehabilitation. To the contrary, the District Court mentioned Cascio's drug addiction as the most compelling *mitigating* factor at sentencing and the principal reason why the District Court was choosing to impose a sentence significantly below the advisory Guidelines range. Further, there was no error—much less plain error—in the District Court's discussion of the treatment opportunities in Cascio's recommended facility.

Cascio also argues that the District Court procedurally erred by applying a two-level enhancement pursuant to § 2B3.1(b)(2)(F) of the Guidelines. Section 2B3.1(b)(2)(F) provides for a two-level increase to a defendant's base offense level "if a threat of death was made" in the course of robbery. Even assuming *arguendo* that it was plain error for the District Court to apply this enhancement, this error did not prejudicially affect Cascio's substantial rights. In fact, the enhancement had no effect on Cascio's offense level, since his designation as a "career offender" required that his offense level be 32, which was higher than the offense level calculated using the § 2B3.1(b)(2)(F) enhancement. *See* U.S.S.G. § 4B1.1(b)(3) (providing that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply").

## II. Substantive Reasonableness

Cascio argues that his below-Guidelines 180-month sentence was substantively unreasonable and "draconian" in light of the fact that he is a drug addict who robbed a bank of only $306. At sentencing, the District Court expressly disclaimed that it was imposing "a 15-year sentence for stealing $300." App. 80. Rather, the District Court explained that the offense was serious "not because of the amount stolen, but because of the nature and circumstances of the crime, the fear that it instilled on that poor bank teller" and Cascio's "track record," including his five prior bank robbery convictions. *Id.* Finally, we note that at sentencing, Cascio's counsel suggested that a sentence of 180 months' imprisonment would be sufficient, but not greater than necessary, to achieve the purposes of sentencing. *Id.* at 73 ("[I]f you gave him 75 percent, that would be 180 months. That's a lot of time, but it's a lot less than 240 months. On the spectrum of criminals, does he deserve that statutory maximum of 240? Or maybe 75 percent is enough."). In sum, we conclude that a 15-year sentence was not substantively unreasonable under the circumstances of this case.

## CONCLUSION

We have reviewed all of the arguments raised by Cascio on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 26, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court