22-1040-cr
*United States v. Mina-Arce*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty-three.

PRESENT:

> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges*,
> ARUN SUBRAMANIAN,
> *District Judge.*[*]

_____

United States of America,

     *Appellee*,

   v.               22-1040-cr

Edwin Patricio Mina-Arce,
AKA Sealed Defendant,

     *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR APPELLEE: | Alexander Li, David Abramowicz, Assistant United States Attorneys, *for* Damian Williams, United States Attorney, Southern District of New York, New York, NY. |

---

[*] Judge Arun Subramanian, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:** Brendan White, White & White, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Edwin Patricio Mina-Arce pleaded guilty, without a plea agreement, to one count of narcotics importation conspiracy and one count of narcotics importation for distribution in violation of 21 U.S.C. §§ 952(a), 959(a), 959(d), 960(a)(3), 960(b)(1)(B), and 963. The district court calculated a Guidelines range of 57 to 71 months' imprisonment, then sentenced Mina-Arce to 74 months of imprisonment. Mina-Arce appeals, arguing that his sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

This Court reviews sentencing decisions for reasonableness under a "deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). Reasonableness review has two components: procedural review and substantive review. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*).

**I.    Procedural Reasonableness**

A district court commits procedural error when it "fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the [18 U.S.C.] § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence," including by providing "an explanation for any deviation from the Guidelines range." *Cavera*, 550 F.3d at 190 (internal quotation marks

omitted). Mina-Arce did not raise any procedural error before the district court, so we review for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). To establish plain error, a party must show (1) "error," (2) "that is plain," (3) "that affects substantial rights," and (4) that "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks and brackets omitted).

Mina-Arce has shown no procedural error, plain or otherwise. The district court was not required to seek an amended Presentence Investigation Report ("PSR") from the probation officer after disagreeing with the original Guidelines calculation. Nor has Mina-Arce shown that the district court relied on the original Guidelines calculation, rather than the calculation it made at the sentencing proceeding. Mina-Arce also fails to show that the district court inadequately explained its reasons for imposing its sentence. The district court addressed the § 3553(a) factors in explaining its above-Guidelines sentence, and it concluded that "[w]hat is outstanding in this case is that a person who has served as a law officer and has seen many instances of people who excuse criminal activity by talking about the need[] to get money" would also "engage[] in that very same conduct knowing it was wrong . . . not once because of some pressing need, not twice, but repeatedly over a five-month period." App'x at A57. The district court also discussed Mina-Arce's "readiness" to import large quantities of drugs to the United States. *Id.* It thus explained why an above-Guidelines sentence was appropriate. *See United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). The sentence was procedurally reasonable.

**II.    Substantive Reasonableness**

"Our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks and brackets omitted).

Mina-Arce's sentence was not substantively unreasonable.  The district court concluded that Mina-Arce's years of police service made his conduct worse, not better.  It considered Mina-Arce's conversations about larger drug quantities as evidence of his willingness to take part in a larger conspiracy, regardless of whether he could supply the promised quantities of drugs.  Both determinations were reasonable.  *See United States v. Azeem*, 946 F.2d 13, 18 (2d Cir. 1991) (acknowledging the district court's "broad discretion to consider any information concerning the defendant's background, character, or conduct" including foreign convictions that could not contribute to the defendant's base offense level).  The district court also considered personal mitigating factors, including Mina-Arce's standing as "a good family man" who "rose from poverty, particularly poverty of love relationships at home."  App'x at A58.

"The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks and citation omitted).  Moreover, the district court need not "expressly parse or address every argument relating to those factors that the defendant advanced." *United States v. Turk*, 626 F.3d 743, 752 (2d Cir. 2010) (internal quotation marks omitted).  In light of the district court's assessment, we cannot

conclude that this is one of those "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F3d at 189-190 (internal quotation marks omitted). The sentence was substantively reasonable.

We have considered the remainder of Mina-Arce's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court