09-5171-cr
United States v. Danzi

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
                     *Circuit Judges*.
             BRIAN M. COGAN,[*]
                     *District Judge*.

---

UNITED STATES OF AMERICA,

                                *Appellee*,

             -v-                                        09-5171-cr

MICHAEL DANZI,

                                *Defendant-Appellant*.

---

Appearing for Appellee:      David B. Fein, United States Attorney for the District of
                             Connecticut; H. Gordon Hall, Assistant United States Attorney,
                             Sandra S. Glover, Assistant United States Attorney, of counsel,
                             New Haven, CT.

Appearing for Appellant:     Randall D. Unger, Law Office of Randall D. Unger, Bayside, NY.

---

[*] The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Kravitz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Michael Danzi ("Danzi") pleaded guilty pursuant to a plea agreement to Count Three of an indictment charging him with conspiracy to smuggle more than $10,000 in U.S. currency out of the Untied States, in violation of 31 U.S.C. § 5332 and 18 U.S.C. § 371, and to a one-count information charging him with conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. On December 8, 2009, Judge Mark R. Kravitz of the United States District Court for the District of Connecticut, sentenced Danzi to a non-Guidelines sentence of forty-eight months' imprisonment, three years of supervised release, and a mandatory assessment of two hundred dollars. Danzi now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Danzi raises only one challenge on appeal: that the district court clearly erred in basing its sentence on a finding that at least 100 kilograms of marijuana were attributable to Danzi, thus imposing a procedurally unreasonable sentence.

As an initial matter, the standard of review for sentencing is one of "reasonableness." *United States v. Booker*, 543 U.S. 220, 260-62 (2005). Reasonableness review is akin to a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 52 (2007). Review to determine whether a sentence is "reasonable" involves both "an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). In this case, appellant only alleges procedural unreasonableness, in that the district court based its Guidelines determination on an erroneous drug quantity. To impose a procedurally reasonable sentence district courts must "(1) normally determine the applicable Guidelines range, (2) consider the Guidelines along with the other factors under § 3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence." *United States v. Villafuerte*, 502 F.3d 204, 206-07 (2d Cir. 2007); *accord Gall*, 552 U.S. at 53.

A sentencing court's legal application of the Guidelines is reviewed de novo, while the court's underlying factual findings are reviewed for clear error, acknowledging the lesser standard of proof at sentencing of preponderance of the evidence. *See United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004); *see also* 18 U.S.C. § 3742(e). In deciding upon a sentence, a district court has the discretion to rely on the wide array of facts available to it, including information set forth in the pre-sentence report, as well as circumstantial evidence. *See United States v. Sisti*, 91 F.3d 305, 312-13 (2d Cir. 1996). In particular, a district court's determination of drug quantity is a finding of fact subject to clear error review. *See United States v. Jones*, 531 F.3d 163, 176 (2d Cir. 2008). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Guang*, 511 F.3d 110, 122 (2d Cir. 2007) (citing *United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007) (internal quotation marks omitted).

2

While the Sentencing Guidelines are no longer mandatory, district courts should begin by determining the base offense level, U.S.S.G. § 1B1.1, which in this case is established by "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by defendant," and "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(A)-(a)(1)(B).

"The quantity of drugs attributable to a defendant is a question of fact," and "if the evidence-direct or circumstantial-supports a district court's preponderance determination as to drug quantity, we must sustain that finding." *Jones*, 531 F.3d at 175. In a drug case, the Guidelines provide that where the "amount [of drugs] seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1, cmt. 12. The court's estimate of the drug quantity must be based on "specific evidence," which has been defined as "evidence that points specifically to a drug quantity for which the defendant is responsible." *United States v. Shonubi*, 103 F.3d 1085, 1089-90 (2d Cir. 1997). "In making such an estimate, the court has broad discretion to consider all relevant information." *United States v. Blount*, 291 F.3d 201, 215-16 (2d Cir. 2002).

The district court held two hearings to determine the appropriate quantity upon which to base Danzi's sentence, and issued a Ruling and Order on October 9, 2009, detailing its findings. The court found that "there is ample evidence to support the Court's finding that it is more likely than not that, for purposes of sentencing, at least 100 kilograms of marijuana is attributable to both Brian and Michael Danzi." The court emphasized that the "holding does not rely on any one piece or type of evidence, or even a particular method of approximating the quantity of marijuana," but instead "is based on the composite of the various strands of specific evidence which, taken as a whole, collectively confirm by a preponderance of the evidence that the Defendants were involved in a marijuana conspiracy of such scope and duration that the estimate of 100 kilograms of marijuana attributable to them appears to be a very conservative one."

The challenges Danzi raises on appeal are nearly identical to those he raised to the district court before, during, and after the quantity hearings. The court adequately addressed Danzi's many objections, in a careful and conscientious Ruling and Order which was the result of a two-day hearing, and which we now find contains no error, and certainly no clear error. Thus, for substantially the same reasons as set forth in the district court's Order, we find Danzi's arguments on appeal to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3