10-1539-cr
United States v. Gaska

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand eleven.

PRESENT: DENNIS JACOBS,
                        <u>Chief Judge</u>,
      PIERRE N. LEVAL,
      DEBRA A. LIVINGSTON,
                        <u>Circuit Judge</u>.

- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
    <u>Appellee</u>,

    -v.-                              10-1539-cr

MIROSLAW GASKA,
    <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | Aaron M. Goldsmith, Fasulo, Shalley & DiMaggio, LLP, New York, New York (Jerzy Sokol, Brooklyn, New York, <u>on the brief</u>). |
| **FOR APPELLEE:** | Rajit S. Dosanjh, Assistant United States Attorney (Daniel C. Gardner, Assistant United |

States Attorney, on the brief),
*for* Richard S. Hartunian, United
States Attorney for the Northern
District of New York, Syracuse,
New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Miroslaw Gaska was convicted, after a jury trial in the United States District Court for the Northern District of New York (Sharpe, J.), of one count of smuggling aliens for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and one count of transporting aliens for financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i). Gaska was sentenced principally to the mandatory minimum sentence of 36 months' imprisonment on the smuggling count and 10 months' imprisonment on the transporting count, to be served concurrently.

On appeal, Gaska contends that (1) the government's questioning of trial witnesses was improper and caused him prejudice warranting a remand; (2) insufficient evidence supports the jury's verdict; and (3) the district court committed procedural error in imposing his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Gaska did not object to any of the questions he now contends caused him undue prejudice and entitle him to a new trial. We review the alleged errors committed by the prosecution for plain error and find none. See United States v. Marcus, 628 F.3d 36, 42 (2d Cir. 2010). This Court allows leading questions when appropriate to develop the testimony of a witness, especially when the native language of the witness is not English. United States v. Ajmal, 67 F.3d 12, 16 (2d Cir. 1995). None of the questions asked by the prosecutor during Gaska's trial affected the "fairness, integrity or public reputation of [the] judicial proceeding." Marcus, 628 F.3d at 41. In short, the prosecutor did not err in his questioning at trial and there certainly was no plain error.

2

A "defendant challenging his verdict on sufficiency grounds bears a heavy burden." United States v. Tian, 339 F.3d 143, 150 (2d Cir. 2003) (internal quotation marks omitted). "We must affirm a conviction if, viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotation marks omitted). In reviewing sufficiency challenges, "we defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." Id. (internal quotation marks omitted). Contrary to Gaska's assertions, based on the evidence adduced at trial, "a rational trier of fact could find beyond a reasonable doubt" that Gaska possessed the requisite mens rea to be found guilty of the crimes for which he was convicted. United States v. Kim, 435 F.3d 182, 185 (2d Cir. 2006) (per curiam).

Sufficient direct and circumstantial evidence supported Gaska's conviction: (1) Szabranski testified that he told Gaska that Biernacki would be entering the country illegally; (2) Szabranski told Gaska that he would receive more than half of the $1,500 fee Biernacki offered to pay him; (3) Border Patrol agents testified that Gaska was nervous when questioned; (4) On their drive upstate, Gaska and Szabranski made contact with a smuggler; and (5) Gaska and Szabranski picked up the individuals they were smuggling and transporting late at night. See United States v. Gaskin, 364 F.3d 438, 461 (2d Cir. 2004) (observing element of reckless disregard or knowledge "often can be proved only by circumstantial evidence"). Deferring to the jury's assessments of witness credibility, United States v. Payne, 591 F.3d 46, 60 (2d Cir. 2010), we reject Gaska's sufficiency challenge.

Gaska contends that his sentence is marked by procedural error because the court failed to adequately explain its reasons for the concurrent sentence of 10 months. Gaska did not challenge his sentence in the district court. Accordingly, we review the district court's sentencing procedure for plain error. United States v. Keller, 539 F.3d 97, 100 (2d Cir. 2008). A sentencing court commits procedural error when it fails to provide an adequate explanation for the sentence imposed. United States v. Cavera, 550 F.3d 180, 190, 193 (2d Cir. 2008) (in

3

banc).  Here, however, any inadequacy in the court's statement of reasons would be harmless because the 10 month sentence for which the court failed to explain its reasons was concurrent with the longer statutorily mandated minimum sentence.  See United States v. Chen, 127 F.3d 286, 292 (2d Cir. 1997).  "[B]ecause a remand cannot produce a lesser sentence," id., there was no plain error in the sentencing procedure employed by the district court, see United States v. Villafuerte, 502 F.3d 204, 208-09 (2d Cir. 2007), and no remand is warranted.

Finding no merit in any of Gaska's arguments presented on appeal, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK