13-625-cr
United States v. DelGiorno

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand fourteen.



PRESENT:  CHESTER J. STRAUB,
                    ROBERT D. SACK,
                    RAYMOND J. LOHIER, JR.,
                              *Circuit Judges.*
-----------------------------------------------------------------

United States of America,

                              *Appellee,*

                    v.                                          No. 13-625-cr

John J. DelGiorno,

                              *Defendant-Appellant.*\*

-----------------------------------------------------------------

---

\* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

FOR APPELLANT:     Marc Craig Gann, Collins, McDonald & Gann, P.C., Mineola, NY.

FOR APPELLEE:     Allen L. Bode, Assistant United States Attorney (Jo Ann M. Navickas, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-appellant John J. DelGiorno appeals from the District Court's judgment of conviction entered February 12, 2013. On appeal, DelGiorno argues that his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review sentences for unreasonableness. See United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). This standard "applies both to 'the sentence itself' and to 'the procedures employed in arriving at the sentence.'" United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008) (quoting United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006)). The procedural inquiry focuses on whether the District Court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." United States v. Dorvee, 616 F.3d 174, 179 (2d Cir. 2010) (quotation marks omitted). The substantive inquiry assesses "the length of the sentence imposed in light of the [§

3553(a)] factors." United States v. Villafuerte, 502 F.3d 204, 206 (2d Cir. 2007). In both its procedural and substantive aspects, reasonableness review employs a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007).

DelGiorno argues that the District Court erred procedurally by failing to (1) calculate the applicable Guidelines range, (2) properly consider the § 3553(a) factors, and (3) adequately explain the sentence imposed. DelGiorno's claims are without merit. We address each argument in turn.

First, the District Court satisfied its obligation to calculate the applicable Guidelines range. The presentencing submissions reviewed by the District Court, including the Presentence Report ("PSR"), along with both parties' statements at sentencing, uniformly articulated the correct Guidelines range. At sentencing, the District Court stated that it was "not going to give [DelGiorno] 97 months" (the bottom of the applicable Guidelines range), but would instead impose a below-Guidelines sentence. And the court's Statement of Reasons ("SOR") explicitly adopted the PSR's findings, including its accurate Guidelines calculation. Although the District Court failed to satisfy the mandate of 18 U.S.C. § 3553(c), because it did not "state in open court the reasons for its imposition of" the non-Guidelines sentence, DelGiorno did not object to its failure and, hence, we review for plain error and conclude that the omission was harmless. See United States v. Molina, 356 F.3d 269, 276-78 (2d Cir. 2004).

Second, although we affirm on the issue of the District Court's consideration of the § 3553(a) factors, we note some troubling circumstances. At DelGiorno's plea hearing, the District Court made an "agreement" with DelGiorno:[1] the court would "adjourn[] this case for two years" and DelGiorno

---

[1] There is evidence that this "agreement" was reached prior to the plea. In a

would be sentenced to "no jail" if he did "not get into any trouble whatsoever." If DelGiorno did get into trouble, he would be "going to jail." At sentencing, the District Court considered that DelGiorno was "part of a program of mine" and that the consequence the court had outlined for violating the terms of the program was "going to jail." The District Court then noted that DelGiorno "made a commitment to me and I'll live up to that commitment, not to the degree that I should, but I'm going to punish you because you failed."

We have previously held that where a specific sentence "had an air of inevitability," we would find "procedural error" if the record "is ambiguous" as to whether the District Court considered the Section 3553 factors. United States v. Corsey, 723 F.3d 366, 375-76 (2d Cir. 2013). Here, however, the record is not ambiguous because the District Court provided an explanation for the sentence in terms of the § 3553(a) factors in its SOR. Moreover, DelGiorno made no objection at sentencing, so we review for plain error. See Fed. R. Crim. P. 52(b). On this record, we can not say that the District Court plainly failed to consider the § 3553(a) factors.

Third, the District Court did not otherwise fail to adequately explain the sentence imposed. The District Court explained that DelGiornio's sentence was justified by, among other things, his repeated violation of pretrial release conditions. See App'x 29-30. The District Court also explained that, despite

_____

letter to the court, defense counsel stated that the sentence was discussed "[p]rior to the plea being taken." Moreover, at the plea hearing itself, before placing the agreement on the record, the court asked DelGiorno whether "anyone made any promises to you as to what your sentence will be other than what I am going to put on the record eventually?" Federal Rule of Criminal Procedure 11(c)(1) provides that "[t]he court must not participate" in plea negotiations. This issue is not before us, however, so we do not reach it.

these failures, DelGiorno's below-Guidelines sentence was justified given his young age and various other mitigating circumstances set out in DelGiorno's pre-sentencing submissions.

Finally, DelGiorno offers no argument for why his substantially below-Guidelines sentence was substantively unreasonable. In any event, we conclude that DelGiorno's sentence was not substantively unreasonable.

We have considered DelGiorno's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5