14-413-cr
United States v. Paige

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand fifteen.

PRESENT:  JOHN M. WALKER, JR.,
          GUIDO CALABRESI,
          REENA RAGGI,
                  *Circuit Judges.*
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                  *Appellee*,


          v.                                             No. 14-413-cr

OSCAR PAIGE, AKA O-Boy,
                  *Defendant-Appellant*.
-----------------------------------------------------------------------
FOR APPELLANT:              Paul P. Rinaldo, Grossman & Rinaldo, Forest Hills, New York.

FOR APPELLEE:               Emily Berger, Matthew S. Amatruda, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 23, 2014, is AFFIRMED.

Defendant Oscar Paige, who stands convicted on a guilty plea of possession of a defaced firearm, see 18 U.S.C. § 922(k), asserts that the district court committed procedural error in sentencing him to a within-Guidelines sentence of 24 months' imprisonment. In reviewing the challenged sentence for reasonableness, "a particularly deferential form of abuse-of-discretion review," United States v. Cavera, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (en banc), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Paige asserts that the district court committed procedural error by impermissibly considering a factor not relevant to sentencing under 18 U.S.C. § 3553(a), namely, the disparity between authorized federal and state sentences for firearms possession. We disagree.[1] The district court simply observed that Paige was facing a greater sentence in the pending state firearms case than he faced in federal court because federal firearms possession sentences are more lenient than similar state sentences. See 18 U.S.C. § 3661 (providing "[n]o limitation" on information pertaining to conduct of defendant "which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence"). Indeed, if anything, Paige benefited from this observation, as the court stated that it "may have given a much higher sentence" had Paige not been subject to

_____

[1] Because we identify no error, we need not consider whether Paige's failure to raise this argument in the district court limits our review to plain error. See United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007).

the "potential to serve a rather significant term in state court." App. 62. The court made clear that "[t]o the extent that [it was] taking [the state case] into consideration at all, it benefits the defendant as opposed to hurting him." Id. Accordingly, to the extent there was any error—and we find none—it was harmless. See United States v. Lacey, 699 F.3d 710, 718 (2d Cir. 2012). Finally, the district court explicitly stated, and the record confirms, that it had considered all of the § 3553(a) factors, thus satisfying its procedural obligation in this respect. See United States v. Verkhoglyad, 516 F.3d 122, 129 (2d Cir. 2008).

In sum, we conclude that the challenged sentence is not procedurally unreasonable. We have considered Paige's remaining arguments and conclude that they are without merit. Therefore, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3