17-2104-cr
United States v. Simmons

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of February, two thousand nineteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                          17-2104-cr

LAWRENCE SIMMONS, AKA Sealed Defendant 12, AKA Black,

                     *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Jane S. Meyers, Brooklyn, N.Y.

Appearing for Appellee:      Alison Moe, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from an order the United States District Court for the Southern District of New York (Preska, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case be and it hereby is **REMANDED to the District Court for reconsideration of the sentence**.

      Appellant Lawrence Simmons appeals from a judgment entered on June 23, 2017, in the United States District Court for the Southern District of New York (Preska, *J.*), revoking his term of supervised release and sentencing him to 36 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      Following service of a 60-month prison term for conspiring to possess with intent to distribute crack cocaine and heroin in violation of 21 U.S.C. § 846, Simmons began a five-year term of supervised release on December 14, 2015. On July 18, 2016, Simmons was arrested in connection with an incident that occurred in the early morning hours of July 16, when Simmons snuck into the bedroom of an eleven-year-old girl, who awoke to discover him touching the clothing that covered her vaginal area. The event triggered a supervision Violation Report, charging Simmons with sexual abuse in the first, second, and third degrees, forcible touching, and endangering the welfare of a child. An amended report charged Simmons with associating with an individual under federal supervision, as to which the government elected not to proceed.

      On May 17, 2017, the district court held a hearing at which the minor victim, her mother, and Simmons testified. The court concluded that the victim was credible, that Simmons had sexually assaulted her, and that Simmons was not credible. On June 22, 2017, the court sentenced Simmons to 36 months' imprisonment.

      Simmons challenges the sentence as procedurally unreasonable. Simmons argues that the district court did not calculate the Guidelines range; did not adequately set forth the reasons for its sentence; did not set forth orally the specific reasons that justified its imposition of the above-Guidelines sentence; and filed its statement of reasons close to eleven months after the judgment.

      This Court reviews sentences for violations of supervised release—as it does all sentences—for reasonableness, which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008). Where, as here, a defendant did not challenge the procedural reasonableness of his sentence in the district court, this Court reviews only for plain error, *i.e.*, (1) error; that (2) is plain; (3) affects substantial rights; and (4) "affect[s] the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (internal quotation marks omitted).

      We find no merit in Simmons's contentions and, but for the Government's letter of January 8, 2019, would have affirmed the judgment. By this letter, however, the Government advised that the sentence was imposed on the basis of an incorrect perception of the applicable Sentencing Guidelines range. At the time of sentence, the court and the parties believed that Simmons's sexual misconduct, as a "sexual act" under 18 U.S.C. § 2241(c), was a Grade A violation. The Government pointed out that, because the vaginal touching was "through the

clothing" of the victim, it did not qualify under the definition provided by § 2246(2)(D), of a sexual act prohibited by § 2241(c), and as a consequence did not qualify as a Grade A violation under U.S.S.G. § 7B1.1(a)(1)(A), with a range of 24-30 months' imprisonment. The government accordingly consented to a remand for resentencing. Simmons agrees to that disposition.

We hereby **REMAND** to the district court for reconsideration of the sentence in light of the earlier mistake as to the applicable Guideline.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk