*United States v. Gomez-Rodriguez*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand nineteen.

PRESENT:
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

    *Appellee,*

        v.                               No. 17-2475-cr

WILMER ANTONIO GOMEZ-RODRIGUEZ,

    *Defendant-Appellant,*

OMAR ANDRADE, JOEL A. ESTRELLA-DISLA,

    *Defendants.*[*]

_____

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

FOR APPELLANT:                          Frank J. Riccio II, Law Offices of Frank J.
                                        Riccio LLC, Bridgeport, CT.

FOR APPELLEE:                           Elena L. Coronado, Sandra S. Glover (*of*
                                        *counsel*), Assistant United States Attorneys,
                                        *for* John H. Durham, United States
                                        Attorney for the District of Connecticut,
                                        New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 28, 2017, is **AFFIRMED**.

Defendant-Appellant Wilmer Antonio Gomez-Rodriguez was convicted by a jury of two counts of drug trafficking, in violation of 21 U.S.C. §§ 841 and 846.[1] The evidence adduced at trial showed that, in September 2014, Gomez-Rodriguez participated in a conspiracy to possess and distribute one kilogram of heroin with, among others, co-defendants Omar Andrade and Joel A. Estrella-Disla. Gomez-Rodriguez and Estrella-Disla agreed to procure the heroin for Andrade. Andrade, in turn, arranged to sell it to a buyer who in fact was a confidential source working with law enforcement. In this period, Gomez-Rodriguez communicated repeatedly with a supplier and Estrella-Disla to orchestrate the transaction. On September 30, 2014, Gomez-Rodriguez drove to make the sale with Estrella-Disla as his passenger, and together they delivered the heroin to the buyer identified by Andrade—that is, the confidential source.

At sentencing, on the basis of his status as a first-time non-violent offender, Gomez-Rodriguez received safety-valve relief from the otherwise mandatory minimum sentence.

---

[1] As stated in the judgment, Gomez-Rodriguez was convicted of one count of "Conspiracy to Distribute and Possess with Intent to Distribute 1 Kilogram or more of Heroin," in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(i); and one count of "Possession with Intent to Distribute at Least 100 Grams but less than 1 Kilogram or More of Heroin," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i). Sp. App'x 5.

2

The parties agreed that his Guidelines range was 78 to 97 months.[2] The district court sentenced him principally to 87 months' imprisonment.

Gomez-Rodriguez appeals his within-Guidelines sentence on both procedural and substantive reasonableness grounds. As to procedural reasonableness, he asserts that the District Court erred by (1) failing to reduce his offense level for acceptance of responsibility, and (2) declining to reduce his offense level to reflect his minor role. As to substantive unreasonableness, he assigns error to the District Court's failure to impose a below-Guidelines sentence, pointing to sentencing disparities with co-defendants and deportation consequences to him of the conviction. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the judgment entered by the District Court.

**I**

Section 3E1.1 of the United States Sentencing Guidelines provides for a two-level reduction of the offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." As the related commentary explains, "'this adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse,' unless the defendant 'goes to trial to assert and preserve[s] issues that do not relate to factual guilt.'" *United States v. Nouri*, 711 F.3d 129, 146 (2d Cir. 2013) (quoting U.S.S.G. 3E1.1 cmt. n. 2). We review for abuse of discretion a district court's denial of an offense level reduction based on acceptance of responsibility. *See United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013). A district court's decision in this regard "merits great deference"; unless it lacks foundation, we will uphold it "because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *Nouri*, 711 F.3d at 146 (internal quotation marks omitted). "[T]he defendant bears the burden of demonstrating that he qualifies for such a reduction." *Chu*, 714 F.3d at 747.

---

[2] At sentencing, the District Court apparently misspoke and stated that the applicable Guidelines range was 78 to 87 months. The parties agree that the Guidelines range for Gomez-Rodriguez's offense level (28) and criminal history (I) is 78 to 97 months.

The District Court did not abuse its discretion in denying Gomez-Rodriguez a reduction for acceptance of responsibility. Gomez-Rodriguez "put[] the government to its burden of proof at trial," *Nouri*, 711 F.3d at 146, and continued to assert his innocence up to and at his initial sentencing hearing. That hearing, moreover, was adjourned to allow further investigation of letters that he presented, purportedly—but not actually—exonerating him. The District Court acted within its discretion in finding that, far from accepting responsibility, Gomez-Rodriguez demonstrated "repeated denial of his responsibility for [his] offense in its truest nature." App'x 294.

## II

Gomez-Rodriguez next argues that the District Court erred by declining to apply a two-level reduction to his offense level for "minor participant" responsibility. U.S.S.G. § 3B1.2(b). According to the related commentary, a mitigating role reduction is appropriate "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n. 3. When a defendant is "less culpable than most other participants in the criminal activity, but [his] role could not be described as minimal," a two-level reduction applies. *Id.* cmt. n. 5. The defendant bears the burden of establishing eligibility for a minor-role adjustment. *United States v. Kerr*, 752 F.3d 206, 223 (2d Cir. 2014). The court's inquiry is "highly fact-intensive and, in cases involving drug couriers, necessarily depends on such factors as the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *Id.* (internal quotation marks omitted).

Because Gomez-Rodriguez failed to raise the role-adjustment issue before the District Court, we review the court's decision only for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007) (citing Fed. R. Crim. P. 52(b)). On plain error review, "an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court

4

proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

The record amply supports the conclusion that Gomez-Rodriguez played a significant role in the criminal activity—well beyond that of a "minor participant" under the Sentencing Guidelines. The evidence shows that he knew he was facilitating the distribution of a kilogram of heroin; helped orchestrate the scheme through text messages, phone calls, and a visit to the supplier; served as a trusted associate of the supplier, allowing the deal to go through; and ultimately delivered the heroin to the buyer. The District Court discussed his role in the scheme and reasonably concluded that he had "very intimate involvement with drug dealers or this particular drug dealer." App'x 293.

We therefore discern no error, let alone "clear or obvious" error, in the omission of a minor-role reduction in the District Court's calculation of Gomez-Rodriguez's offense level.

**III**

Finally, Gomez-Rodriguez contends that the 87-month Guidelines sentence imposed by the District Court is substantively unreasonable. We review such challenges under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). As we explained in *Cavera*, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the [sentencing factors specified in 18 U.S.C. § 3553(a)] in any particular case," and will find a sentence substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). Although we have declined to establish a presumption that a Guidelines sentence is reasonable, "[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

Gomez-Rodriguez asserts without explanation that his 87-month sentence is greater than necessary to comply with the purposes set forth in § 3553(a)(2). He maintains in

5

addition that upholding his sentence would lead to "unwarranted sentencing disparities" because "other defendants involved in similar conduct have received lesser sentences." Appellant's Br. 17-18. Although Gomez-Rodriguez does not further explain this point in his brief before this Court, he argued at sentencing that the lower sentence of his co-defendant Andrade, who purportedly played a greater role in the drug conspiracy, should establish the "ceiling" for Gomez-Rodriguez's sentence. (Gomez-Rodriguez incorrectly asserted that Andrade had received a 66-month sentence; Andrade's actual sentence was 70 months.)

The argument is unavailing for two key reasons. First, Gomez-Rodriguez was convicted of a conspiracy involving substantially more heroin than Andrade's. Andrade pleaded guilty to one count of conspiracy to possess with intent to distribute and distribution of at least 100 grams of heroin. In contrast, Gomez-Rodriguez was convicted of conspiracy to distribute and to possess with intent to distribute at least one kilogram of heroin. He was also convicted of a possession charge; Andrade was not.

Second, Gomez-Rodriguez does not meaningfully engage with the District Court's discussion of his specific characteristics. These include that he was a "trusted associate" of a "supplier of . . . huge quantities of drugs," App'x 293-94; its observation of his "repeated denial of his responsibility for this offense in its truest nature," App'x 294; and its criticism of his dishonesty to the court when he falsely claimed that his attorney and the court failed to inform him that, if he accepted the government's plea offer, he would qualify for a two-level sentencing reduction for acceptance of responsibility. Gomez-Rodriguez thus has given no reason to doubt that the District Court "reache[d] an informed and individualized judgment in [Gomez-Rodriguez's] case as to what is 'sufficient, but not greater than necessary' to fulfill the purposes of sentencing." *Cavera*, 550 F.3d at 189 (quoting 18 U.S.C. § 3553(a)).

* * *

6

We have considered Gomez-Rodriguez's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the District Court's judgment.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court